FOR PUBLICATION

### IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS & JOHN

|  |  |  |
|---|---|---|
| BANK OF NOVA SCOTIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 2005-26 |
| v. | ) | |
| | ) | |
| OMAR BROWN, Jr. and JU-ANA BROWN, | ) | |
| | ) | |
| Defendants. | ) | |
| ——————————————————— | ) | |

ATTORNEYS:

**Matthew J. Duensing, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiff,*

**Omar Brown, Jr.**
St. Thomas, U.S.V.I.
    *Pro se defendant,*

**Ju-Ana Brown**
St. Thomas, U.S.V.I.
    *Pro se defendant.*

### ORDER

**GÓMEZ, C.J.**

The plaintiff in this matter, Bank of Nova Scotia ("BNS"), commenced this debt and foreclosure action on March 1, 2005, against *pro se* defendants Omar Brown, Jr. and Ju-Ana Brown (collectively, the "Defendants"). The record reflects proof of service of the summons and complaint on each of the Defendants. None of the Defendants filed an answer or otherwise made an

*Bank of Nova Scotia v. Omar Brown Jr., et al*
Civil No. 2005-26
Order
Page 2

appearance in this matter.  In May, 2005, BNS moved for entry of default against the Defendants pursuant to Federal Rule of Civil Procedure 55(a).[1]  In June, 2005, the Clerk of Court entered defaults against each of the Defendants.  BNS now moves for default judgment against the Defendants pursuant to Federal Rule of Civil Procedure 55(b)(2) ("Rule 55(b)(2)").

Federal Rule of Civil Procedure 55(b)(2) allows courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). The rule further provides "no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein." Fed. R. Civ. P. 55(b)(2); *Murphy v. C.W.*, 158 Fed. Appx. 393, 396 (3d Cir. 2006) (unpublished).  Additionally, the plaintiff must file an affidavit "stating whether or not the defendant is in military service and showing necessary facts to

---

[1]  That rule provides:

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a).

*Bank of Nova Scotia v. Omar Brown Jr., et al*
Civil No. 2005-26
Order
Page 3

support the affidavit . . . ."  50 U.S.C. app. § 521(b)(1) (the

"Servicemembers Civil Relief Act").  "The entry of a default

judgment is largely a matter of judicial discretion, although the

Third Circuit has emphasized that such 'discretion is not without

limits, however, and we have repeatedly stated our preference

that cases be disposed of on the merits whenever practicable.'"

*Signs by Tomorrow - USA, Inc. v. G.W. Engel Co.*, 2006 U.S. Dist.

LEXIS 56456 at *5-6 (D.N.J. 2006) (quoting *Hritz v. Woma Corp.*,

732 F.2d 1178, 1181 (3d Cir. 1984)).

Here, BNS has failed to meet its burden of showing that

default judgment is appropriate.  In the instant motion, BNS does

not indicate whether the Defendants are infants, incompetent, or

serving in the military.  BNS has not submitted, nor does the

record contain any affidavits or evidence of any kind to show

that the Defendants are not infants, incompetent, or serving in

the military.  BNS has failed to comply with the requirements of

Rule 55(b)(2) and the Servicemembers Civil Relief Act. *See*, *e.g.*,

*Bank of Nova Scotia v. George,* 2008 U.S. Dist. LEXIS 11786 at *6

(D.V.I. 2008) ("BNS is . . . not entitled to default judgments

against the Defendants because it has not complied with the

Servicemembers Civil Relief Act"); *Ross v. Baker*, 2006 U.S. Dist.

LEXIS 77216 at *4 (W.D. Mich. 2006) (denying a default judgment

motion where the "[p]laintiffs have not tendered an affidavit

*Bank of Nova Scotia v. Omar Brown Jr., et al*
Civil No. 2005-26
Order
Page 4

stating . . . that the defendant is not an infant or incompetent

person"); *United States v. Simmons*, 508 F. Supp. 552, 552-53

(E.D. Tenn. 1980) (denying the plaintiff's motion for a default

judgment because the plaintiff failed to provide a sufficient

affidavit showing that the debtor was not in military service).

Accordingly, it is hereby

**ORDERED** that BNS's motion for default judgment is **DENIED**

without prejudice.  Should BNS re-file its motion accompanied by

the necessary evidence, the Court will give its request renewed

consideration.

**DATED: April 17, 2008**              S\_____

                                         **CURTIS V. GÓMEZ**
                                         **Chief Judge**

**Copies to:**     Matthew J. Duensing, Esq.
                   Omar Brown, Jr., *pro se*
                   Ju-Ana Brown, *pro se*